IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 4:12-CV-00304-RC-ALM |
| | § | |
| NCO FINANCIAL SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT, NCO FINANCIAL SYSTEMS, INC.'S
### MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Defendant, NCO Financial Systems, Inc. (NCO), through counsel and under Federal Rule of Civil Procedure 56, moves for summary judgment on all claims filed by plaintiff, David E. Mack (plaintiff), and submits the following brief in support:

## I.   INTRODUCTION

Plaintiff's allegations are simple. Plaintiff alleges NCO violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, by pulling his credit report 2 times in May 2008 without a permissible purpose. Plaintiff, however, intentionally omitted 2 critical facts establishing his claims against NCO fail as a matter of law.

***First***, as plaintiff was well aware months before filing suit, NCO is a debt collector and pulled plaintiff's credit report in connection with 3 collection accounts in plaintiff's name, a *permissible* purpose under the FCRA. ***Second***, plaintiff's claims are clearly time-barred, also a fact plaintiff knew before filing suit. Plaintiff claims he "discovered" the credit pulls in May 2011; yet, plaintiff's credit report produced in

1

discovery clearly shows he discovered the credit pulls in May 2009. Plaintiff did not file suit until May 2012 – well beyond the FCRA 2-year statute of limitations. NCO, therefore, requests the Court grant summary judgment in its favor.

## II. STATEMENT OF THE ISSUES

The issues are as follows:

1. Whether NCO, a debt collector, violated the FCRA by pulling plaintiff's credit report in connection with the collection of 3 debts in plaintiff's name which were placed with NCO for collection?

2. Whether plaintiff's alleged claims are barred by the FCRA 2-year statute of limitations because plaintiff discovered the alleged improper credit pulls in May 2009, more than 2 years before he filed suit?

## III. STATEMENT OF UNDISPUTED FACTS

The following facts are undisputed for purposes of this Motion:

1. NCO is a debt collector and part of its business is the collection of debts placed with it by third party creditors. *See* Aff. of Gregory Stevens, attached hereto as **Exhibit 1**, at ¶ 2.

2. Sometime before May 2008, plaintiff incurred 3 credit card debts to American Express, and plaintiff fell behind on his payment obligations to American Express. *Id*. at ¶ 4.

3. On or about May 8, 2008, American Express placed the 3 past due credit card debts with NCO for collection. *Id*. at ¶ 4.

4. On May 9, 2008, NCO pulled plaintiff's credit report 1 time in connection with the collection of each of the 3 accounts. *Id.* at ¶ 5.

5. On or about May 7, 2009, plaintiff obtained a copy of his TransUnion credit report showing the NCO credit pulls. *See* 9/13/2012 email from plaintiff to W. White attaching portion of 5/7/2009 TransUnion credit report showing the NCO credit pulls at issue, attached hereto as **Exhibit 2**.

6. On May 16, 2012, plaintiff filed this action alleging NCO violated the FCRA by pulling his credit report without a permissible purpose. (Dkt. 1.)

7. On September 13, 2012, plaintiff informally produced his 5/7/2009 credit report showing the credit pulls at issue. *See* Ex. 2.

8. On October 17, 2012, plaintiff formally produced his 5/7/2009 credit report attached to his signed interrogatory responses. *See* Plaintiff's Responses to NCO's First Set of Admissions, Interrogatories and Requests for Production of Documents, attached hereto as **Exhibit 3**, p. 17.

## IV. PROCEDURAL HISTORY

On May 16, 2012, plaintiff filed this action *pro se* alleging NCO violated the FCRA by pulling his credit report without a permissible purpose. (Dkt. 1.) On September 17, 2012, plaintiff filed an Amended Complaint to correct typographical errors in his original Complaint. (Dkt. 12.) Plaintiff's sole factual allegation supporting his claim is "that Defendant NCO had obtained Plaintiff's TransUnion consumer credit report on two different occasions in May 2008." *Id.* at ¶ 8. Plaintiff claims he discovered the alleged violation "in May 2011." *Id.* at ¶ 9.

3

## V. LAW AND ARGUMENT

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[The] party seeking summary judgment [ ] bears the initial responsibility of . . . demonstrating the absence of a genuine issue of material fact" and "informing the court of the basis of its motion [by] identifying those portions of the pleadings, depositions, answers to interrogatories, admissions of file, together with affidavits, if any" which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted); *Williams v. Adams,* 836 F.2d 958, 960 (5th Cir. 1988). If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. *Celotex*, 477 U.S. at 324; *Fields v. City of S. Hous.*, 922 F.2d 1883, 1887 (5th Cir. 1991).

The non-movant cannot merely rest on the allegations of the pleadings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A genuine issue of material fact exists only when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Id*. at 249. "[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 (5th Cir. 1994) (citations omitted) (emphasis in original). An opposing party's "failure to produce proof as to any essential element renders all other facts immaterial." *Trugreen Landcare, LLC v. Scott*, 512 F. Supp. 2d 613, 623 (N.D. Tex. 2007) (citations omitted). "[A non-movant's] burden is not satisfied with some metaphysical doubt as to

4

the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotations and citations omitted). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Id*. at 1076. While the Court may be inclined to hold the *pro se* plaintiff to a less stringent standard, "*pro se* parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenhut Corrections Corp.*, No. 99-50404, 1999 WL 1131884, at *2 (5th Cir. Nov. 10, 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

"Whether a consumer report has been obtained for a permissible purpose presents a question of law that can be decided in the context of a motion for summary judgment." *Smith v. John P. Frye, P.C.*, No. 10-CV-3366, 2011 WL 748363, at *2 (N.D. Ill. Feb. 24, 2011) (citations omitted). "'[A] showing of a permissible purpose is a complete defense.'" *Perretta v. Capital Acquisitions & Mgmt. Co.*, No. C-02-05561, 2003 WL 21383757, at *5 (N.D. Cal. May 5, 2003) (quoting *Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999)). "'Where a permissible purpose for obtaining the credit information is demonstrated, then, as a matter of law, the information cannot have been obtained under false pretenses.'" *Id*. (quoting *Baker v. Bronx-Westchester Investigations, Inc.*, 850 F. Supp. 260, 264 (S.D.N.Y. 1994)).

Here, NCO is entitled to summary judgment because (1) NCO had a permissible purpose to pull plaintiff's credit report, and (2) any claims related to the alleged improper credit pulls are time-barred because plaintiff discovered the pulls more than 2 years before he filed suit.

5

### A. *There Is No Genuine Issue Of Material Fact NCO Had A Permissible Purpose For Pulling Plaintiff's Credit Report*.

Plaintiff's sole allegation is that NCO impermissibly pulled his credit report. However, section 1681b of the FCRA provides several permissible purposes for accessing a consumer's credit report – one of which is in connection with the "collection of an account of the consumer." 15 U.S.C. § 1681b(a)(3)(A).

The law is clear, under "section 1681b(a)(3)(A), a party is permitted to obtain an individual's credit information in connection with the collection of a debt." *See Norman v. Northland Grp., Inc.*, No. 12-10057, 2012 WL 5195965, at *1-2 (5th Cir. Oct. 22, 2012); *Norman v. RJM Acquisitions, LLC*, No. 3:11-CV-1330-D, 2012 WL 3204977, at *2 (N.D. Tex. Aug. 8, 2012); *see also Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34-35 (3d Cir. 2011) (per curiam); *Thomas v. U.S. Bank, N.A.*, 325 F. App'x 592, 592-93 (9th Cir. 2009) ("requesting a credit report with the intent to collect on a debt is among the 'permissible purposes' listed in the FCRA"); *Miller v. Wolpoff & Abramson, LLP*, 309 F. App'x 40, 43 (7th Cir. 2008); *Edge*, 64 F. Supp. 2d at 118; *Korotki v. Thomas, Ronald & Cooper, P.A.*, No. 96-1877, 1997 WL 753322, at *2 (4th Cir. 1997); *Smith*, 2011 WL 748363, at *1–3; *Cridell v. TransUnion, LLC*, No. 09 C 6235, 2010 WL 1693093, at *4 (N.D. Ill. Apr. 27, 2010); *Huertas v. U.S. Dep't of Educ.*, No. 08-3959, 2009 WL 3165442, at *8–9 (D. N.J. Sept. 28, 2009); *Blanc v. Palisades Collection, LLP*, No. 06 Civ. 1626, 2007 WL 2216242, at *2, *9 (S.D.N.Y. Nov. 1, 2007); *Shah v. Collecto, Inc.*, No. Civ.A.2004-4059, 2005 WL 2216242, at *1, *11 (D. Md. Sept. 12, 2005); *Beckstrom v. Direct Merch.'s Credit Card Bank*, No. Civ. 04-1351, 2005 WL 1869107, at *3 (D.

Minn. Aug. 5, 2005); *James v. Interstate Credit and Collection, Inc.*, No. Civ.A.03-CV-1037, 2005 WL 1806501, at *2, *4 (E.D. Pa. Jul. 29, 2005); *Perretta*, 2003 WL 21383757, at *5. "As long as the debt collector has 'reason to believe' that the consumer owes the debt, the debt collector may permissibly obtain the consumer's credit report without violating the FCRA." *Robinson v. Greystone Alliance, LLC*, No. BPG-10-3658, 2011 WL 2601573, at *3 (D. Md. June 29, 2011) (citing *Korotki v. Attorney Servs. Corp. Inc.*, 931 F. Supp. 1269, 1276 (D. Md. 1996)).

Here, as plaintiff knew well before filing suit, NCO was acting as a debt collector and pulled plaintiff's credit report in connection with the collection of accounts in plaintiff's name – a permissible purpose under the FCRA. The creditor, American Express, placed 3 accounts in plaintiff's name with NCO for collection, and NCO pulled plaintiff's credit report in connection with the collection of those accounts. Ex. 1, at ¶¶ 4, 5. NCO reasonably believed the debts were valid. The original creditor placed the accounts with NCO and provided plaintiff's full name, address and social security number. *Id*. at ¶ 4. NCO reasonably relied on the information it received from the creditor. There is no genuine issue of material fact, and NCO is entitled to judgment as a matter of law.

**B.** *Plaintiff's Claims Are Barred By The FCRA 2-Year Statute Of Limitations*.

Under the FCRA, a plaintiff must file suit "not later than the ***earlier*** of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such

7

liability occurs." 15 U.S.C. § 1681p (emphasis added). The limitations period discussed in section 1681p(1), and the limitation that applies here, is commonly referred to as the discovery rule. Here, plaintiff's claims are time-barred because he discovered the alleged violations on May 7, 2009 when he obtained his TransUnion credit report showing the alleged improper pulls. Yet, plaintiff waited until May 16, 2012 – more than 3 years later – to file suit.

In his Amended Complaint, plaintiff claims he did not "discover" the alleged violations until May 2011. (Dkt. 12, ¶ 9.) Plaintiff does not dispute he obtained his credit report in 2009, but claims he did not "discover" the violations until April or May 2011 when he began studying the FCRA in detail and "learned the law." *See* Ex. 3, p. 13. However, under § 1681p, plaintiff's ignorance of the law is not an excuse. *See TransUnion, LLC v. Lindor*, 393 F. App'x 786, 788 (2d Cir. 2010) ("[plaintiff] cites no authority, and [the Court is] aware of none, permitting a party to disclaim actual knowledge of a violation where that party possesses all of the material facts necessary to identify a violation [of the FCRA]"); *Schaefer v. CBS Collections, Inc.,* No. CV-11-0459, 2012 WL 2128005, at *2 (E.D. Wash. June 12, 2012); *William v. Deutsche Bank Nat'l Trust Co.*, No. A-10-CV-711, 2011 LEXIS 24767, at *11 (W.D. Tex. Mar. 11, 2011) ("ignorance of the law arguments are not compelling since ignorance is not a valid reason to apply the discovery rule; rather, the discovery rule applies to the knowledge of facts as opposed to knowledge of the law"); *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 590 (3d Cir. 2005); *Miller v. Pac Shore Funding*, 224 F. Supp. 2d 977, 986-87 (D. Md. 2002).

In *Schaefer*, the court specifically rejected plaintiff's argument based upon nearly identical facts. The plaintiff in *Schaefer* received his credit report on December 7, 2009 showing the allegedly impermissible credit pulls, but also claimed "he was not aware of the 'violations' of the FCRA until May 2011" when he learned the law. *Schaefer*, 2012 WL 2128005, at *2. The court rejected the argument finding the plaintiff's FCRA claims time-barred because "he gained knowledge of the credit inquiry by [defendant] on or about December 7, 2009;" yet he "did not file [his lawsuit] until two years and eight days later." *Id.*

Likewise, plaintiff's claims expired on May 7, 2011 – 2 years from the date he discovered the credit pulls at issue – and, thus, the Court should dismiss plaintiff's claims as a matter of law.

## VI.   CONCLUSION & PRAYER

In sum, NCO is entitled to summary judgment because there is no genuine issue of material fact NCO had a permissible purpose to pull plaintiff's credit report, and, nevertheless, any claims based upon NCO's credit pulls are time-barred. While NCO believes this is a case where the Court should award NCO its reasonable attorney's fees and costs under section 1681n(c), NCO is not seeking its attorney's fees and costs at this time and only requests the Court dismiss plaintiff's claims with prejudice to ensure NCO does not incur further litigation costs to defend this baseless claim.

WHEREFORE, NCO respectfully requests the Court enter an order granting NCO's Motion for Summary Judgment and for such other relief as this Court deems proper.

Respectfully submitted,

/s/ Whitney L. White
Whitney L. White
State Bar No. 24075269
**Sessions, Fishman, Nathan & Israel, LLC**
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone: 214-741-3001
Facsimile: 214-741-3055

***Attorney for Defendant,
NCO Financial Systems, Inc.***

## CERTIFICATE OF SERVICE

I certify that on this 17th day of December, 2012, a copy of the foregoing **Motion for Summary Judgment and Brief in Support** was filed electronically with the clerk of the Court. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Notice was sent via certified mail, return receipt requested, to Plaintiff, *pro se*, at the address below:

> David Mack
> 7720 McCallum Blvd. #2099
> Dallas, Texas 75252

/s/ Whitney L. White
Whitney L. White